IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

SHAWNELLIAS BURGESS )
 )
 v. ) NO. 3:11-0793
 )
CHASE BANK USA, N.A. and )
EXPERIAN INFORMATION SOLUTIONS, INC. )

TO: Honorable Kevin H. Sharp, District Judge

# REPORT AND RECOMMENDATION

Pursuant to the Order entered September 28, 2011 (Docket Entry No. 51), this action was referred to the Magistrate Judge, pursuant to Rule 72(a) and (b) of the Federal Rules of Civil Procedure and 28 U.S.C. §§ 636(b)(1)(A) and (B), for consideration of any pretrial matters and proposed findings of fact and recommendation for disposition of any dispositive motions.

On August 18, 2011, this action was removed to this District, pursuant to 28 U.S.C. § 1441(a), from the General Sessions Court of Davidson County, Tennessee, on the assertion of federal question jurisdiction under 28 U.S.C. § 1331 based on the pro se plaintiff's allegations that the defendants violated the Fair Credit Reporting Act, 28 U.S.C. §§ 1681 et seq. on May 21, 2011. See Docket Entry No. 1.

On September 9, 2011, the plaintiff filed a notice of voluntary dismissal of the action without prejudice under Rule 41(a)(1) of the Federal Rules of Civil Procedure. See Docket Entry No. 45. By Order entered September 9, 2011 (Docket Entry No. 45), the Court found voluntary dismissal

of the action was not available because Experian Information Solutions ("Experian"), one of the two defendants in the action, had filed an answer to the original complaint on August 22, 2011.[1]

On October 17, 2011, the plaintiff filed a second notice of voluntary dismissal under Rule 41(a)(1). See Docket Entry No. 73. Unlike the prior notice, the second notice is directed at only the dismissal without prejudice of Defendant Chase Bank USA, N.A. ("Chase"). Chase opposes its dismissal without prejudice arguing that the plaintiff is not entitled to voluntarily dismiss a single defendant from an action under Rule 41(a)(1), and, further, that a dismissal without prejudice would not be appropriate in light of the posture of the action. See Docket Entry No. 81. The plaintiff has responded to Chase's opposition. See Docket Entry No. 83. Also before the Court are the two parties' supplemental filings on the issue. See Docket Entry Nos. 85 and 90.[2]

Rule 41(a)(1)(A) provides that a plaintiff "may dismiss an action without a court order by filing: (i) a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment; or (ii) a stipulation of dismissal signed by all parties who have appeared." The parties disagree about whether a dismissal under Rule 41(a)(1)(A)(i)[3] requires that the entire action be dismissed or whether the rule can be used by the plaintiff to voluntarily dismiss from the action

---

[1] The plaintiff filed a notice of appeal (Docket Entry No. 53) from this decision and a motion for permission to appeal (Docket Entry No. 52). Although the motion for permission to appeal was denied by Order entered October 5, 2011 (Docket Entry No. 61), the plaintiff paid the appellate filing fee in accordance with an Order entered October 13, 2011 (Docket Entry Nos. 69). See Docket Entry No. 87.

[2] By contemporaneous Order, the Court granted both parties leave to file additional memoranda.

[3] A stipulation of dismissal signed by all parties has not been submitted. Thus, Rule 41(a)(1)(A)(ii) is not at issue.

2

a defendant who has not served either an answer or motion for summary judgment, such as Defendant Chase.[4]

Recent law in the Sixth Circuit on the issue is not crystal clear. However, the few published cases on the issue suggest that Rule 41(a)(1) may be used only to dismiss an action in its entirety and may not be used as a vehicle to dismiss individual defendants. The clearest pronouncement on the scope of Rule 41(a)(1) was set out in Philip Carey Manuf. Co. v. Taylor, 286 F.2d 782 (6th Cir. 1961), cert. denied, 366 U.S. 948, 81 S.Ct. 1903, 6 L.Ed.2d 1242 (1961), in which the Court held:

> . . . Rule 41(a)(1) provides for the voluntary dismissal of an 'action' not a 'claim'; the word 'action' as used in the Rules denotes the entire controversy, whereas 'claim' refers to what has traditionally been termed 'cause of action.' Rule 21 provides that 'Parties may be dropped or added by order of the court on motion * * *' and we think that this rule is the one under which any action to eliminate ... a party should be taken.

Id. at 785 (quoting Harvey Aluminum, Inc. v. American Cyanamid Co., 203 F.2d 105, 108 (2d Cir. 1953), cert. denied, 345 U.S. 964, 73 S.Ct. 949, 97 L.Ed. 1383 (1953)). Over 40 years later, the Sixth Circuit relied on the interpretation of Rule 41(a)(1) in Philip Carey in making the assumption that Rule 21 of the Federal Rules of Civil Procedure, not Rule 41(a)(1), was the basis upon which the lower court dropped a party from the action. See Letherer v. Alger Group, L.L.C., 328 F.3d 262, 265-66 (6th Cir. 2003), overruled on other grounds by Blackburn v. Oaktree Capital Mgmt., LLC, 511 F.3d 633, 636 (6th Cir. 2008), The Court in Letherer also noted that other circuits have taken an opposite approach to the one taken in Carey. See 328 F.3d at 266 n.2.

Although the plaintiff points to decisions from other circuits which support his position that Rule 41(a)(1) may be used to dismiss fewer than all of the defendants from an action and although he argues that Harvey Aluminum is no longer good case law, see Docket Entry No. 83, at 1, this Court is constrained to follow Philip Carey since the Sixth Circuit has never directly rejected that

---

[4] Chase filed an answer to the plaintiff's amended complaint on October 28, 2011, after the plaintiff filed his notice of voluntary dismissal on October 17, 2011. See Docket Entry No. 86.

decision, it stands as the only direct pronouncement on the issue in the Sixth Circuit, and has been cited with approval in Letherer.[5] Further, although the plaintiff is correct that the Sixth Circuit in Banque de Depots v. National Bank of Detroit, 491 F.2d 753 (6th Cir. 1974), approved of the dismissal of a single defendant under Rule 41(a), the Court in Banque explicitly noted that such dismissal was proper only upon the exercise of the Court's discretion under Rule 41(a)(2).[6] As such, the Banque case is distinguishable and does not clearly support the plaintiff's position that he may, upon mere notice, dismiss a single defendant under Rule 41(a)(1)(A).

Accordingly, after review of the parties' filings and the relevant case law within the Sixth Circuit, the Court finds that the plaintiff is not entitled to dismiss Defendant Chase from the action under Rule 41(a)(1)(A).

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of service of this notice and must state with particularity the specific portions of this Report and Recommendation to which objection is made. Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. See Thomas v. Arn, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); United States v. Walters, 638 F.2d 947 (6th Cir. 1981).

Respectfully submitted,

_____
JULIET GRIFFIN
United States Magistrate Judge

---

[5] See also AmSouth Bank v. Dale, 386 F.3d 763, 778 (6th Cir. 2004); NECA-IBEW Pension Fund v. Cox, 2011 WL 6751459 (S.D. Ohio Dec. 20, 2011).

[6] Rule 41(a)(2) permits the Court to dismiss an action at the plaintiff's request "on terms that the Court considers proper." Although both Rule 41(a)(1)(A) and Rule 41(a)(2) use the word "action," it can certainly be argued that the Court has broader discretion under Rule 41(a)(2) than under Rule 41(a)(1)(A).

4