UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| SHAWNELLIAS BURGESS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 3:11-00793 |
| ) | Judge Sharp |
| EXPERIAN INFORMATION ) | |
| SOLUTIONS and CHASE BANK, N.A. ) | |
| ) | |
| Defendants. ) | |

## ORDER

This Order addresses two pending matters in this case: Plaintiff's Motion to Clarify (Docket No. 72), and a Report and Recommendation ("R & R") (Docket No. 101) issued by Magistrate Judge Griffin.[1]

**A. Motion to Clarify**

On October 5, 2011, the Court denied Plaintiff's Motion to Appeal. (Docket No. 61). On October 13, 2011, the Court entered an Order (Docket No. 69) noting that Plaintiff had filed a Notice of Appeal and informing Petitioner that within thirty days he needed to either pay the entire appellate filing fee of $455.00 or submit an application to proceed on appeal in forma pauperis. Plaintiff claims to be "perplexed" by these two Orders and has filed a Motion to Clarify (Docket No. 72).

The Orders are self-explanatory and should need no clarification. They were issued in

---

[1] Subsequent to the issuance of the R & R, the Magistrate Judge issued an Order (Docket No. 112) consolidating this case with Burgess v. Chase Bank USA, N.A. et al., Docket No.3:10-1180, and Plaintiff filed Objections to the presently considered R & R in the consolidated case.

1

response to sequential but different filings (a request for leave to appeal followed the next day by a Notice of Appeal). The bottom line is that the Court decided not to grant Plaintiff leave to file an interlocutory appeal about the denial of his request for voluntary dismissal, but if Plaintiff nevertheless intended to appeal that ruling, he needed to pay the Clerk the entire appellate filing fee or submit an *in forma pauperis* application within thirty days of the October 13, 2011 Order. Plaintiff's Motion to Clarify (Docket No. 72) is DENIED.

**B. R & R and Objections Thereto**

In the R &R, Magistrate Judge Griffin concluded "that the plaintiff is not entitled to dismiss Defendant Chase from the action under Rule 41(a)(1)(A)." (Docket No. 101 at 4). In doing so, Magistrate Judge Griffin found that the controlling law is "not crystal clear," but the Sixth Circuit in Philip Carey Manuf. Co. v. Taylor, 286 F.2d 782 (6th Cir. 1961) held that Rule 41 applied to entire actions, not claims. Magistrate Judge Griffin also recognized that even though that opinion is rather dated, she "was constrained to follow Philip Carey since the Sixth Circuit has never directly rejected that decision, it stands as the only direct pronouncement on the issue in the Sixth Circuit, and has been cited with approval in Letherer [v. Alger Group, L.L.C., 328 F.3d 262, 265-66 (6th Cir. 2003)]." (Id. at 3-4).

In his Objections (Docket No. 253 in Case No. 3:10-1180), Plaintiff relies on Letherer and its citation to Banque de Depots v. Nat'l Bank of Detroit, 491 F.2d 753, 757 (6th Cir.1974) for the proposition that he should be allowed to dismiss his action against Chase under Fed. R. Civ. P. 41. Plaintiff's argument is without merit.

In Letherer, the Sixth Circuit observed that its "interpretation of Rule 41 is unclear" because in Banque de Depots the court "affirmed a district court's Rule 41 dismissal of all claims against one

2

of two defendants in an action, without discussing why Rule 41 was the appropriate avenue for dismissal." Letherer, 328 F.3d at 266. The Sixth Circuit in Letherer did not elevate Banque de Depots' non-discussion of Rule 41 into the law of the circuit. Quite the contrary, the Letherer court specifically cited Philip Carey for the proposition that "Rule 41 is confined to the 'Dismissal of Actions'" as opposed to "claims," id., and refused to "decide the scope of Rule 41," opting instead in the case before it "to assume that the district court dropped [a defendant] as a party pursuant to Rule 21." Id.

The Court concludes that Magistrate Judge Griffin correctly applied the controlling law of the Sixth Circuit. Accordingly, the R & R (Docket No. 101) is hereby ACCEPTED and APPROVED and Plaintiff's Objections thereto (Docket No. 253 in Case No. 3:10-1180) are hereby OVERRULED.

It is SO ORDERED.

KEVIN H. SHARP
UNITED STATES DISTRICT JUDGE